.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTO LASSITER,

        Plaintiff,                          Case No. 1:10-cv-10

      vs.                                Spiegel, J.
                                         Wehrman, M.J.

DEVON L. DULLAGHAN,

        Defendant.

### REPORT AND RECOMMENDATION[1]

Plaintiff initiated this civil action on January 8, 2010 by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Devon L. Dullaghan, Patricia Clancy as the Hamilton County Clerk of Court, the City of Cincinnati Prosecutor's Office, Unnamed City of Cincinnati Police Officers and Unnamed Officials of the City of Cincinnati Prosecutor's Office.  (Doc. 1).

This civil action is now before the Court on Defendant Dullaghan's *pro se* motion to dismiss.  (Doc. 9).  Also before the Court is Plaintiff's *pro se* motion for sanctions against Defendant Dullaghan.  (Doc. 16).

### FACTS

Plaintiff and Defendant Dullaghan are the parents of a minor child, hereinafter referred to as "K."  (Doc. 15, ¶ 1).  Plaintiff's complaint primarily relies upon an ongoing and contentious custody dispute between Plaintiff and Defendant Dullaghan.  Plaintiff has sole legal custody of K and Defendant Dullagahn has standard visitation rights.  (*Id*.)

Plaintiff asserts, *inter alia*, that Defendant Dullaghan twice caused him to be falsely arrested in violation of the United States Constitution.  In November 2008, Defendant Dullaghan filed a complaint and affidavit with the Hamilton County Clerk of Courts alleging that Plaintiff interfered with custody of their child in violation of Ohio Rev. Code. Ann. § 2919.23.  (*Id*. at ¶ 29).  Based upon the complaint, the Hamilton

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

County Clerk issued an arrest warrant against Plaintiff.  (*Id*. at ¶ 32).  On November 27, 2008 (Thanksgiving Day), Plaintiff was arrested and taken into custody by City of Cincinnati Police Officers.  (*Id*. at ¶ 34-35).

Thereafter, in June 2009, after a dispute involving Plaintiff and Dullaghan's older daughter,[2] Defendant Dullaghan submitted a complaint and affidavit to the City of Cincinnati Police Department alleging that Plaintiff committed assault in violation of Ohio law.  (*Id*. at ¶ 66).  Plaintiff was again arrested and taken into custody by City of Cincinnati Police Officers.  The assault case proceeded to trial and was ultimately dismissed.

Plaintiff filed the instant action on January 18, 2010.[3]  Plaintiff asserts federal civil rights violations against the City of Cincinnati Police Department, the City of Cincinnati Prosecutor's Office, and the Hamilton County Clerk of Court, Patricia Clancy.  Plaintiff's complaint also alleges claims under Ohio law for malicious prosecution, and intentional infliction of emotional distress against Defendant Dullaghan, and claims for abuse of process against defendant Dullaghan and the City of Cincinnati Prosecutor's Office.

## ANALYSIS

### A.    *Defendant Dullaghan's Motion to Dismiss*

Defendant Dullaghan asserts that this matter should be dismissed against her based on the following: (1) Plaintiff "Christo Lassiter" is a fictional entity and his legal name is Harvey Christophe Lassiter; (2) Plaintiff's complaint improperly identifies the names and ages of Defendant Dullaghan's two older minor children as well the parties' minor child together; and (3) Defendant Dullaghan has not been properly served with a copy of the summons and complaint.  Each assertion will be addressed in turn.

Defendant Dullaghan argues first that Plaintiff's use of his nickname and not his full legal name in bringing this lawsuit "calls into question the integrity and motives of the individual" and "is a stark showing of unprofessionalism as well as a failure to accord the court and the legal process with respect, dignity and deference that it is due."  (Doc. 9, p. 2).  However, Defendant has provided no legal argument supporting dismissal on this basis.  Furthermore, the failure of Plaintiff to supply his full legal name does not warrant dismissal under the Federal Rules of Civil Procedure.

---

[2]  Plaintiff is not the father of Dullaghan's older daughter.

[3]  Plaintiff filed an amended complaint on March 25, 2010.  (Doc. 15)

With respect to Plaintiff's second assertion, Plaintiff filed an amended complaint on March 25, 2010, which omitted the names of the minor children in question. (Doc. 15). Moreover, the original complaint identifying the children's names was sealed by the Court on March 25, 2010. (*See* Doc. 14). Accordingly, Defendant's complaints regarding the identification of the minor children is moot.

Lastly, Defendant Dullaghan asserts that she has not been properly served by Plaintiff in accordance with the Federal Rules of Civil Procedure and such corresponding local rules. Dullaghan maintains that Plaintiff personally left a copy of the complaint with her husband on January 13, 2010, and that she has yet to receive a summons or request for waiver of summons. Thus, it appears that service has not been properly effectuated pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rules 4.1 and 4.2 of the Local Civil Rules for the Southern District of Ohio. (*See* Doc. 27).[4]

However, in light of the Sixth Circuit's "strong preference" for cases to be decided on the merits, the undersigned finds that is premature at this time. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir.1986). Accordingly, Plaintiff should be afforded an extension of time to properly serve Defendant Dullaghan prior to dismissal of this action. *Mick v. Stanforth*, Case No. 2:08-cv-990, 2009 WL 1490571, 2 (S.D. Ohio May 27, 2009). Thus, Plaintiff's motion to dismiss is not well-taken and should be denied.

### B.    *Plaintiff's Motion for Sanctions*

Defendant Dullaghan's memorandum in support of her motion to dismiss also includes her answer to the complaint. (Doc. 9). The answer includes numerous counterclaims under Federal and State law against Plaintiff. Plaintiff maintains that the issues contained in Defendant's counterclaims have already been litigated in other courts, and therefore seeks Rule 11 sanctions and dismissal of Defendant's counterclaims.

As detailed above, service of process has yet to be properly effectuated on the Defendants in this action. Plaintiff has been granted an extension of time until October 18, 2010, in which to identify and properly serve all Defendants. (Doc. 27). Thus, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the Defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). Accordingly, Defendant Dullaghan's counterclaims are not properly before the Court at this time. As such, Plaintiff's motion for sanctions is premature, and should be

---

[4] Pursuant to the Court's September 27, 2010 Order, Plaintiff was ordered to identify and serve all Defendants, within twenty days, or show cause in writing, why service cannot be effectuated within this time period. (Doc. 27).

denied without prejudice.

## III.

Based on the foregoing, it is therefore **RECOMMENDED** that:

(1)     Defendant Dullaghan's motion to dismiss (Doc. 9) should be **DENIED**; and

(2)     Plaintiff's motion for sanctions (Doc. 16) should be **DENIED without prejudice.**


Date:   September 30, 2010                    s/ J. Gregory Wehrman
                                              J. Gregory Wehrman
                                              United States Magistrate Judge


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

CHRISTO LASSITER,

        Plaintiff,                               Case No. 1:10-cv-10

        vs.                                   Spiegel, J.
                                               Wehrman, M.J.

DEVON L. DULLAGHAN,

        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).